NO. 07-03-0477-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 3, 2003



______________________________




IN THE INTEREST OF AMBER PENA, A CHILD






_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-519,203; HONORABLE KEVIN HART, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

DISMISSAL


 By letter dated November 13, 2003, this Court directed appellant Richard Pena to
pay the required filing fee of $125 by November 24, 2003, before any further action could
be taken in this appeal, noting that failure to do so might result in dismissal. Unless a
party is excused from paying a filing fee, the Clerk of this Court is required to collect filing
fees set by statute or the Supreme Court when an item is presented for filing. Tex. R. App.
P. 5 & 12.1(b). Although the filing of a notice of appeal invokes this Court's jurisdiction,
if a party fails to follow the prescribed rules of appellate procedure, the appeal may be
dismissed. Tex. R. App. P. 25.1(b). Thus, because the filing fee remains unpaid, we must
dismiss the appeal.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure and with a notice from the Clerk requiring payment of the filing fee. 
Tex. R. App. P. 42.3(c).

 Don H. Reavis

 Justice

 




2"> Burglary of a habitation (enhanced) - twenty years confinement and
a $10,000 fine.



By a single issue, appellant contends the trial court denied him his right to effective
assistance of counsel during voir dire examination. We affirm.

 At the conclusion of voir dire, before counsel made their strikes, counsel for
appellant requested to be provided with a copy of the criminal history information "pulled"
by the State on each potential juror prior to voir dire. Counsel asserted that the information
was not protected work product and would inform him of any convictions, including those
which tend to disqualify jurors. (1) In response, the court stated that it would expect the State
to notify the court and disclose any information that would disqualify a member of the panel
from serving as a juror. The State objected to appellant's request for the histories, claiming
that there was no authority requiring it to disclose such information to the defense. 
Counsel for appellant conceded he had no authority to support his position but stated he
had been provided such information in the past. The trial court ruled as follows:

 I'll deny that motion to the extent it calls for matters that would not show a
disqualification and would grant it as to matters that would show a
disqualification.


The jury subsequently convicted appellant on all counts.

 By his sole issue, appellant contends the trial court's refusal to compel the State to
disclose the results of the venire panel's criminal history check denied him the right to
effective assistance of counsel. Specifically, he argues that the ruling effectively limited
the scope of voir dire and prevented him from intelligently exercising his peremptory
challenges. 

 We initially note that counsel's request for the criminal histories at trial was
accompanied by his contention that "it is an unfair prejudice if we are not allowed to have
that information." Again, the contention on appeal is that the information would have
helped appellant to intelligently exercise his peremptory challenges, and that the trial
court's failure to order disclosure of the histories effectively limited the scope of his voir
dire. The contention on appeal does not correspond with that made at trial. That alone
would warrant our overruling appellant's issue. See Broxton v. State, 909 S.W.2d 912, 918
(Tex.Crim.App. 1995) (objection stating one legal theory may not be used to support
another legal theory on appeal).

 Addressing the merits of appellant's issue, he correctly asserts that a criminal
defendant's right to counsel protected by Article 1, Section 10 of the Texas Constitution
encompasses the right to ask proper questions on voir dire to permit the intelligent exercise
of peremptory and for cause challenges. See Taylor v. State, 109 S.W.3d 443, 452
(Tex.Crim.App. 2003) (stating rule).

 Review of a trial court's decisions during voir dire is for abuse of discretion. Howard
v. State, 941 S.W.2d 102, 108 (Tex.Crim.App. 1996). If abuse of discretion infringing the
right to question the venire is shown, we will evaluate harm to appellant under the standard
applicable to nonconstitutional error under Rule of Appellate Procedure 44.2(b). Taylor,
109 S.W.3d at 450-55. An abuse of discretion infringing the right to question the venire
in order to intelligently exercise peremptory challenges ordinarily is shown only when a
proper question about a proper area of inquiry is prohibited. Barajas v. State, 93 S.W.3d
36, 38 (Tex.Crim.App. 2002); Howard, 941 S.W.2d at 108.

 As noted, appellant's request and the court's ruling occurred at the conclusion of
voir dire. Although the trial court partially denied appellant's request, it never prohibited
appellant from questioning the venire panel regarding their criminal histories or otherwise
inhibited him from obtaining information he needed to exercise his challenges. See Taylor,
109 S.W.3d at 454. Given this fact, we are unable to see how the trial court's ruling
prevented the intelligent exercise of appellant's peremptory challenges. Appellant's issue
is overruled.


 Accordingly, the trial court's judgment is affirmed.


 James T. Campbell

 Justice






Do not publish. 
1. See Tex. Code Crim. Proc. Ann. arts. 35.16, 35.19 (Vernon 1989 and Supp. 2006)
(providing grounds for disqualification).